1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5

6   U.S. BANK, NATIONAL ASSOCIATION,
    AS TRUSTEE FOR THE
7   CERTIFICATEHOLDERS OF THE LXS
    2006-I8N TRUST FUND,
8
             Plaintiff,                        No. C 12-0358 PJH
9
         v.                                    **ORDER GRANTING MOTION TO
10                                             REMAND AND VACATING HEARING
    NOUSHIN REZAI, JAMES E. COOKE and          DATE**
11  DOES I through X, Inclusive,

12           Defendants.

13  _____/

14         Before the court is plaintiff's motion for an order remanding the above-entitled action

15  to the Marin County Superior Court.  Defendant Noushin Rezai, James E. Cooke, and Does

16  I through X ("Rezai") filed no opposition to the motion within the time allowed under Civil

17  Local Rule 7-3.  Accordingly, plaintiff did not file a reply.  Having carefully read plaintiff's

18  papers and considered the relevant legal authority, the court finds that the motion must be

19  GRANTED.

20         A defendant may remove a civil action filed in state court if the action could have

21  originally been filed in federal court.  28 U.S.C. § 1441.  A plaintiff may seek to have a case

22  remanded to the state court from which it was removed if the district court lacks jurisdiction

23  or if there is a defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes

24  are construed restrictively, so as to limit removal jurisdiction.  Shamrock Oil & Gas Corp. v.

25  Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co.,

26  319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of

27  remanding case to state court).

28

1    Federal courts can adjudicate only those cases which the Constitution and Congress

2  authorize them to adjudicate - those involving diversity of citizenship or a federal question,

3  or those to which the United State is a party.  See Kokkonen v. Guardian Life Ins. Co. of

4  America, 511 U.S. 375, 377 (1994).  The burden of establishing federal jurisdiction for

5  purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d

6  1115, 1117 (9th Cir. 2004).  The district court must remand the case if it appears before

7  final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

8    Even if jurisdiction exists, a federal court may remand the case pursuant to

9  abstention doctrines.  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).  Under

10  the doctrine of abstention, federal courts "restrain their authority because of scrupulous

11  regard for the rightful independence of the state governments' and for the smooth working

12  of the federal judiciary."  Id. at 718 (internal quotation marks and citations omitted).  Given

13  these rationales, a federal court should remand if the "state proceedings are (1) ongoing,

14  (2) implicate important state interest, and (3) provide the plaintiff an adequate opportunity to

15  litigate federal claims."  H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

16    The complaint at issue, which was filed in the Marin County Superior Court on

17  December 1, 2011, alleges a single cause of action under state law, for unlawful detainer

18  following a non-judicial foreclosure sale upon default.  The Property was sold at public

19  auction on June 23, 2011.  See Request for Judicial Notice, Exhibit 1 at Trustee's Deed

20  Upon Sale.  The complaint further alleges that on September 19, 2011, U.S. Bank served

21  Rezai a Notice to Quit by posting a copy of the notice on the premises and by mailing a

22  copy on the same day.  The caption of the complaint states, "The demand does not exceed

23  $10,000."  In the prayer for relief, U.S. Bank seeks the following: (1) restitution and

24  possession of the Property; (2) an order directing Rezai to quit and deliver up possession of

25  the Property to U.S. Bank; (3) damages at the daily rate of $250.00 from and including

26  October 20, 2011, for each day that Rezai continues in possession of the Property up to the

27  date of Judgment; (4) costs of suit; and (5) such other relief as the court deems just and

28  proper.

1    On January 24, 2012, Rezai filed a notice of removal, asserting federal subject

2  matter jurisdiction pursuant to 28 U.S.C. § 1441(a) and/or (b).  See Notice of Removal, ¶ 6.

3    In the present motion, however, U.S. Bank argues that Rezai has not met his burden

4  of establishing that this court has either federal question or diversity jurisdiction.  U.S. Bank

5  asserts that the existence of federal question jurisdiction depends on the claims for relief

6  asserted in the complaint, and because the complaint in this action alleges only a single

7  cause of action for unlawful detainer, seeking possession of the subject property, no

8  question of federal law exists.  As for diversity jurisdiction, U.S. Bank argues that it is

9  precluded because the unlawful detainer action on its face seeks less than $10,000 in

10  damages and constitutes a suit for possession of the underlying property only.  U.S. Bank

11  further argues that even if jurisdiction exists, the court should remand the action in

12  accordance with abstention doctrines.  It contends that all three elements of abstention, as

13  articulated in H.C., are met.

14    In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks

15  only to the face of the complaint.  See Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir.

16  1998); see also Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 692-93 (9th Cir. 2005).

17    Here, the court finds no federal question pled in the unlawful detainer action.  Nor

18  does the amount in controversy in the unlawful detainer action exceed $75,000 and thus,

19  diversity jurisdiction is lacking as well.  Accordingly, as the court lacks subject matter

20  jurisdiction, the case must be remanded to the Marin County Superior Court.  See Albingia

21  Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 936 (9th Cir. 2003) (district court is

22  required to remand state law claims where the court lacks removal jurisdiction); Billingsly v.

23  C.I.R., 868 F.2d 1081, 1095 (9th Cir. 1989) (subject matter jurisdiction is fundamental and

24  cannot be waived).

25    Because jurisdiction is lacking, the court does not reach the abstention doctrines.

26    U.S. Bank's corresponding request for fees and costs is DENIED.

27    The date for the hearing on the motion, set for Wednesday, April 11, 2012, is

28

1    VACATED.

2    **IT IS SO ORDERED.**

3    Dated: April 3, 2012

4    PHYLLIS J. HAMILTON
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4